it had been so, it would then appear that three separate juries had found for defendant.

Judgment (Fraser, J.) affirmed. Opinion by Mr. Justice McIver, February 26, 1890. *H. W. Harris* and *McDonald & Douglass*, for appellant. *Ragsdale & Raysdale*, contra.

No. 2562. Jackson *v.* Jackson. November Term, 1889. This was an action for the recovery of money, in which the judgment of the Circuit Court (Pressley, J.) was reversed because the judge charged upon the facts.

The exceptions charged error to the charge in the following portions:

1. "Plaintiff's counsel asked defendant if there was not in his father's possession, among those papers, an unpaid note of defendant to his father. Now, how could he have known that unless plaintiff had told him, and how would plaintiff have known that unless he had seen that bundle of papers? He asked that question: 'Was there not, in that bundle of papers in your father's possession, a note you owe your father?' "

2. "Plaintiff says he never saw the paper before he saw it in court; that he was not there all the time the papers were being looked over; that he never saw the papers; but he does not say he did not tell the defendant that he was not satisfied with the settlement. He just says he never saw that paper until he saw it in court."

3. "But is not the asking him, whether that note was not among those papers, an acknowledgment by him that he did see that bundle of papers? How else would he know it? You are to answer that question."

4. "When an interested witness testifies to you, you are to make allowance for his testimony. Your method for making allowance is to determine, by your common sense and experience, whether the matter he testified to be reasonable or not; you will determine that matter. And, further, gentlemen, you have heard the testimony of Mr. Burch, Mr. Guise, and of the defendant, Jackson, that, although the plaintiff managed the plantation, the general direction as to its management was given by the father."

This court say: "We entirely appreciate the difficulty of a judge doing his whole duty, and at the same time stopping at the

ill-defined limit of his province, 'to state the testimony and declare the law.' This court has no discretion in the matter when there appears a clear case of charging on the facts. The great difficulty is in judging when there is such a case. From the very nature of the subject, that cannot be reduced to anything like an absolute rule, but each case must be determined very much upon its own circumstances. In one of our latest cases (*State* v. *Howell*, 28 S. C., 254), this court said : 'We have construed this section of the constitution in question to mean that, while a trial judge may state the testimony, and so arrange it as to enable the jury to apply it to the legal points involved, yet they cannot convey to the jury, either expressly or impliedly, their opinion as to the force and effect of said testimony upon any question of fact at issue between the parties.' Now, tried by this test—in no hypercritical spirit, but taking into consideration all the difficulties— we cannot doubt that the judge did indicate unmistakably his opinion to the jury."

Opinion by Mr. Justice McGowan, March 8, 1890. *Prince & Stevenson*, for appellant. *Livingston & McIver*, contra.

No. 2563. Martin *v.* Columbia & Greenville R. R. Co., and Price *v.* Same. November Term, 1889. Plaintiffs went to a railroad station to take a regular train, which, being late, did not stop, although waved to. They took a freight train on the same night, this train being cold and uncomfortable, and they brought their actions for damages, alleging that they were chilled with cold and exhausted from fatigue and mental distress and injury to their constitutions. The Circuit Judge (Hudson) granted a non-suit, saying "that there was no evidence whatever of any pecuniary loss to either of the plaintiffs"; his honor saying that "the fact that plaintiff was afflicted at the end of her journey with a chill could not be taken into consideration by the jury," under the circumstances. The appeal questions the correctness of this ruling.

This court say : "The rule in reference to non-suits is well understood, and has been so often acted upon by this court, that it is unnecessary to repeat it fully here. It is sufficient to say, that where there is an absence of all testimony as to any material contested fact in a case, a non-suit will ordinarily be granted.